FILED
SUPERIOR COURT
OF GUAM

2020 OCT 12 PM 2: 09

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM,<br><br>vs.<br><br>KEK LUDWIG aka Jay Charles Ludwig aka Jay Lutwig aka Kek Teiuo aka T Ukaw aka Ukaw T,<br><br>Defendant. | CRIMINAL CASE NO. CF0395-20<br><br>**DECISION AND ORDER** |
| --- | --- |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 8, 2020, for continued hearing on Defendant Kek Ludwig aka Jay Charles Ludwig aka Jay Lutwig aka Kek Teiuo aka T Ukaw aka Ukaw T's ("Defendant") Motion for Bail Redetermination to Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present via teleconference from the Department of Corrections, Mangilao, with counsel Assistant Alternate Public Defender Alisha Molyneux, and Assistant Attorney General Richelle Y. Canto was present on behalf of the People of Guam. In accordance with its ruling from the bench, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On August 10, 2020, Defendant was indicted with the following charges: (1) Family Violence (As a Third Degree Felony); and (2) Aggravated Assault (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of

*People v. Ludwig*
Case No. CF0395-20
Decision and Order

a Felony. (Indictment, Aug. 10, 2020). These charges stem from allegations that Defendant stabbed his wife, Ms. Ailain Niffning, during an argument. (Magistrate's Compl., Decl. of J. Basil O'Mallan III, Jul. 20, 2020). Guam Police Department Officers who responded to the scene observed Ms. Niffning had a deep laceration to her left forearm, and medics arrived on scene and treated her for her stab wound. *Id.* The Officers also noticed other injuries on Ms. Niffning consistent with her report of Defendant's violent behavior. *Id.* GPD Officers subsequently met with Defendant who denied stabbing his wife and stated that he saw their 3-year old son hit her with a hanger, causing the injury. *Id.*

On August 19, 2020, the Court received the instant Motion for Bail Redetermination.[1] Defendant is confined pending the posting of $5,00.00 cash bail. *See* Commitment Order, Jun. 20, 2020.

On August 20, 2020, Defendant asserted his right to a speedy trial.

On September 16, 2020, the Court heard from the parties on the Motion for Bail Redetermination, and subsequently continued the matter to October 8, 2020 to give counsel for Defendant time to follow up with Defendant's sister regarding possible release to a third party custodian or on electronic monitoring.

The Government did not file a written opposition to Defendant's Motion for Bail Redetermination but indicated its opposition to the Motion orally at both the September 16, 2020 and the October 8, 2020 hearings.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollars ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Sep. 16, 2020.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will

---

[1] The Motion was received by the Court as the first page included a Notice with blank lines for a date and time for the Court to set the Motion Hearing. The Motion was subsequently filed on September 16, 2020.

endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)      length of his/her residence on Guam;

    (ii)     his/her employment status and history, and financial condition;

    (iii)    his/her family ties and relationships;

    (iv)    his/her reputation, character and mental and physical condition;

    (v)      his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)    his/her history relating to drug or alcohol abuse;

    (vii)   the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)  whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)   his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology,

if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he has lived on Guam for over twenty (20) years, was employed at the time of his arrest, and has ties to the community, to include two sisters who live on Guam. (Mot. Bail Redetermination at 3).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with safety of the community and Defendant's ability to exert self-control. Defendant is charged with two third degree felonies, one of which includes a special allegation of Possession or Use of a Deadly Weapon. *See* Indictment, Aug. 10, 2020. It is alleged that Defendant used a knife to stab the victim, which resulted in a deep laceration. *See* Magistrate's Compl., Decl. of J. Basil O'Mallan III, Jul. 20, 2020. Additionally, at the time of the alleged events in the instant matter, Defendant had only been on probation for five months after changing his plea to a similar charge -- Aggravated Assault (As a Third Degree Felony) -- in CF0272-19.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns at this time. This decision, however, does not preclude

*People v. Ludwig*
Case No. CF0395-20
Decision and Order

Defendant from requesting release with proposed third-party custodians or release on electronic monitoring in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. The parties shall return for a remote Status Hearing on **October 22, 2020** at **9:00 a.m.** At the Status Hearing, parties should indicate to the Court whether the matter has settled or will require trial pursuant to the Asserted Criminal Trial Scheduling Order filed September 16, 2020.

**IT IS SO ORDERED,** this 8th day of October, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam